**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STARSTONE SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LIFEWAY FOODS, INC. and MICHAEL HASSAN,<br><br>Defendants. | Case No. |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES the Plaintiff, StarStone Specialty Insurance Company ("Plaintiff" or "StarStone"), by and through its counsel, Dentons US LLP, and files this Complaint for Declaratory Judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et. seq.*, seeking a declaration of its rights and responsibilities under an insurance policy issued to Defendant Lifeway Foods, Inc ("Lifeway"). Plaintiff alleges as follows:

**INTRODUCTION**

1. This is an action for declaratory judgment to determine and resolve questions of actual controversy involving an insurance policy issued by StarStone to Lifeway. Specifically, the parties dispute whether Lifeway breached a condition precedent to coverage under the policy when Lifeway failed to give notice to StarStone as soon as practicable of a claim arising from a serious motor vehicle accident.

2. Lifeway unreasonably waited at least nineteen months to give notice of the claim to StarStone, despite the fact that the claimant, Michael Hassan, allegedly sustained a traumatic brain injury that left him severely impaired.

3. In so doing, Lifeway breached the policy's notice condition precedent, and StarStone is entitled to a declaration that there is no coverage available for this claim.

## THE PARTIES

4. StarStone is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Cincinnati, Ohio.

5. Lifeway is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Cook County, Illinois.

6. Michael Hassan is a resident of Illinois. Hassan is named as a defendant in this declaratory judgment action only because he may be an interested party with respect to the availability of insurance coverage to Lifeway and to bind him to any judgments issued.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because StarStone is citizen of Delaware and Ohio, Defendant Lifeway is a citizen of Illinois and Defendant Hassan is a citizen of Illinois. The amount in controversy exceeds the jurisdictional threshold of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Hassan is a resident of this District, Lifeway conducts business in this District and because a substantial part of the events and omissions giving rise to the Underlying Lawsuit (as defined below) occurred in this District.

9. This Complaint for Declaratory Judgment is filed pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et. seq.* An actual, justiciable controversy exists between StarStone and Lifeway, which involves the rights and liabilities under a contract of

insurance, and this controversy may be resolved by a judgment in this action without regard to other lawsuits.

## BACKGROUND

### A. The StarStone Policy.

10. StarStone issued a Following Form Excess Liability Insurance Policy number J8761810ALI to Lifeway for the period of December 31, 2018 to December 31, 2019 (the "Excess Policy" or the "StarStone Policy"), which is excess over Regent Insurance Company Commercial Umbrella Policy number CCU 0601202 (the "Umbrella Policy"). The Umbrella Policy in turn is excess over Regent Insurance Company Commercial General Liability Policy number CCI 03901 (the "Primary Policy"). A true and correct copy of the Excess Policy is attached as **Exhibit A**.

11. The StarStone Policy has an aggregate limit of $5 million, excess over the underlying $1 million Primary Policy and $10 million Umbrella Policy.

12. The Excess Policy contains a notice condition, which provides, in relevant part:

> The Insured shall, **as a condition precedent to the obligations of the Insurer** under this Policy, **give written notice as soon as practicable** to the Insurer of any occurrence, offense, claim or suit likely to involve this Policy.
>
> (Exhibit A, Excess Policy, Section VI – Conditions, F, Required Notices to Insurer by Insured, Notice of Occurrence, Offense, Claim or Loss, a (emphasis added).)

### B. The Accident.

13. On or about November 8, 2019, a motor vehicle collision (the "Accident") occurred when a vehicle driven by Sherrod McKnight, a tractor with no trailer or load attached, collided with a vehicle in which Hassan was a passenger. McKnight allegedly ran a red light, and was allegedly intoxicated at the time of the accident.

14. The collision allegedly caused Hassan's vehicle to overturn, pinning him between a tractor and a bus.

15. As a result of the Accident, Hassan allegedly sustained serious injuries and allegedly required extensive medical treatment. These injuries allegedly include a traumatic brain injury, a fractured right femur and a fractured right wrist. Hassan also alleges that he was comatose for several months and was placed on a feeding tube.

16. Hassan further alleges that he underwent a neuropsychological assessment which purportedly revealed significant deficits in multiple cognitive domains including attention, processing speed and memory.

C. **The Underlying Suit.**

17. On or about December 2, 2019, Hassan filed his original complaint against McKnight and others, but not Lifeway, in the Circuit Court of Cook County, Illinois, Case No. 2019L013143. Hassan voluntarily dismissed the December 2, 2019 complaint on January 24, 2024.

18. On or about May 23, 2023, Hassan filed a second lawsuit against a different set of defendants, not including Lifeway, in the Circuit Court of Cook County, Illinois, Case No. 2023L005284. The case is now captioned *Hassan et. al. v. Lifeway Foods, Inc. et. al.* (the "Underlying Lawsuit").

19. On or about February 23, 2024, Hassan served Lifeway with a subpoena seeking documents and other information relating to several then-named defendants in the Underlying Lawsuit.

20. Hassan added Lifeway as a defendant in the Underlying Lawsuit on or about October 22, 2024. Upon information and belief, Lifeway was served with process on or about October 31, 2024.

21. As such, upon information and belief, Lifeway was aware of the Accident and the severity of Hassan's injuries as early as February 23, 2024, and no later than October 31, 2024.

22. Lifeway did not provide notice of the Accident or the Underlying Lawsuit to StarStone until September 3, 2025.

23. StarStone issued a coverage position letter to Lifeway on October 3, 2025. In that letter, StarStone advised Lifeway that it was reserving its rights to dispute coverage, including on the basis that Lifeway had breached the StarStone Policy's notice condition precedent. A copy of the October 3, 2025, letter is attached hereto **as Exhibit B.**

24. By letter dated October 10, 2025, Lifeway demanded that StarStone and its other insurers make their full policy limits available for potential settlement of the Underlying Lawsuit.

25. The Underlying Lawsuit is scheduled to begin trial on October 20, 2025. Lifeway will be the only defendant at trial. Upon information and belief, Hassan will seek damages including approximately $1.2 million in past medical expenses and between $14.2 million and $30 million in future medical expenses.

## COUNT I – DECLARATORY JUDGMENT

26. StarStone repeats and realleges the foregoing paragraphs as if fully set forth herein.

27. The Excess Policy provides that Lifeway shall as a condition precedent to StarStone's obligations under the Excess Policy, give notice as soon as practicable to StarStone of any occurrence, offense, claim or suit likely to involve the Excess Policy.

28. Lifeway was aware of the Accident, the Underlying Lawsuit, the severity of Hassan's injuries alleged therein and that the claim was likely to involve the Excess Policy at least

as early as February 23, 2024, when Hassan served Lifeway with a subpoena in the Underlying Lawsuit.

29. However, Lifeway failed to notify StarStone of the Accident and the Underlying Suit until September 3, 2025, about nineteen months after receiving Hassan's subpoena and ten months from being named in the Underlying Lawsuit.

30. Therefore, Lifeway failed to give notice as soon as practicable to StarStone of any occurrence, offense, claim or suit likely to involve the Excess Policy, which is a condition precedent to coverage under the Excess Policy.

31. Accordingly, there is no coverage for the claim under the Excess Policy and StarStone does not owe a duty to indemnify Lifeway in connection with any judgment entered or settlement reached in the Underlying Lawsuit.

**WHEREFORE**, StarStone respectfully requests that this Court enter judgment in its favor against Lifeway: (1) declaring that Lifeway breached the StarStone Policy's notice condition precent; (2) there is no coverage available under the StarStone Policy for the Accident or the Underlying Claim; (3) StarStone has no duty to indemnify Lifeway for any judgment entered or settlement reached in connection with the Underlying Lawsuit; and (4) awarding such other and further relief as the Court finds just and proper.

**[Remainder of Page Intentionally Left Blank; Signature Page to Follow]**

Dated: October 15, 2025                            Respectfully submitted,

                                                 DENTONS US LLP

                                       Attorneys for Plaintiff, StarStone Specialty Insurance Company

                                       BY: */s/ Leah Bruno*_____
                                                Leah Bruno

Leah Bruno
leah.bruno@dentons.com
DENTONS US LLP
233 S Wacker Drive
Suite 5900
Chicago, Illinois 60606
Telephone: 312-876-8000
Facsimile: 312-876-7934

Jonathan D. Henry (*pro hac vice* forthcoming)
jonathan.henry@dentons.com
James P. McGann (*pro hac vice* forthcoming)
james.mcgann@dentons.com
DENTONS US LLP
101 JFK Parkway, Fourth Floor
Short Hills, New Jersey 07078
Telephone: 973-912-7100
Facsimile: 973-912-7199

*Attorneys for Plaintiff StarStone Specialty Insurance Company*